IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ERNEST L. GILBERT, JR. | ) | CASE NO. 1:10CV0585 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE CHRISTOPHER A. BOYKO |
| v. | ) | |
| | ) | |
| WILLIAM D. MASON, et al. | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendants. | ) | |

Plaintiff *pro se* Ernest L. Gilbert, Jr. brings this action under the Civil Rights Act of 1871, 42 U.S.C. § 1983, against Defendants Cuyahoga County Prosecutor William D. Mason, Cuyahoga County, Ohio Common Pleas Court Judge Stuart Friedman, and Attorneys Samuel Smith and Michael Shaughnessy. Plaintiff is currently under Indictment in the Common Pleas Court of Cuyahoga County, in Case Numbers CR-09-522462 charged with two Counts of Trafficking Offenses (R,C. 2925.02), one Count of Drug Possession (R.C. 2925.11) and one of Count Possession of Criminal Tools (R.C. 2923.24) and in CR -09-524157 with two Counts of Aggravated Burglary (R.C. 2911.11). He alleges that his attorneys would not follow his instructions regarding witnesses. Whenever he met with them, they only wanted to discuss a plea agreement. Further, his case was continued numerous times. Plaintiff requests monetary damages in the amount of 500,000.000.00 for emotional distress, loss of status in the community and that criminal charges be filed against the Defendants.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be

granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

This case concerns two pending state court criminal cases. A federal court must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present. *See Younger v. Harris*, 401 U.S. 37, 44-45 (1971). Abstention is appropriate if: (1) state proceedings are on-going; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal questions. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). It is mandated whether the state court proceeding is criminal, quasi-criminal, or civil in nature as long as federal court intervention "unduly interferes with the legitimate activities of the State." *Younger*, 401 U.S. at 4.

All three factors supporting abstention are present in this case. The issues presented in the Complaint are clearly the subject of a state court criminal matter, which are of paramount state interest. *See Younger*, 401 U.S. at 44-45. Furthermore, Plaintiff has the opportunity to raise any defects in his criminal case in the state court. Consequently, this Court is required to abstain from intervening in the state court proceedings.

Judge Friedman is a Common Pleas Court Judge. It is well established that judges are immune from liability for actions taken within the scope of their official duties. *Pierson v. Ray*, 386 U.S. 547 (1967). This is true even if a judge acts erroneously, corruptly, or in excess of jurisdiction. *Stump v. Sparkman*, 435 U.S. 349 (1978). When the function complained of is truly a judicial act, judicial immunity applies. *Yarbrough v. Garrett,* 579 F.Supp.2d 856, 860 (E.D. Mich., 2008)(citing *Bush v. Rauch,* 38 F.3d 842, 847 (6th Cir. 1994)). There are no facts alleged reasonably suggesting

Judge Friedman acted outside the scope of his official duties. Judge Friedman definitely acted within the scope of his official duties in presiding over Plaintiff's court cases.

Prosecutors are absolutely immune from liability under § 1983 for their conduct as long as that conduct is intimately associated with the judicial phase of the criminal process. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). "The analytical key to prosecutorial immunity ... is advocacy- whether the actions in question are those of an advocate." *Skinner v. Govorchin,* 463 F.3d 518, 525 (6th Cir. 2006) (citations and internal quotation marks omitted). There is no indication in the Complaint that Prosecutor William Mason was acting outside of the scope of his responsibilities.

The claim that Plaintiff's attorneys have not been effective counsel is not a matter for this Court.

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Date:  May 27, 2010                                    **S/Christopher A. Boyko**
                                                       JUDGE   CHRISTOPHER   A.   BOYKO
                                                       UNITED STATES DISTRICT JUDGE